IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEREKH A. ROGERS,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )            1:14CV461
                                     )
DOUG HENDERSON, in his individual    )
capacity; VANCE BRADFORD LONG,       )
Judicial District 19B, in his        )
individual capacity; STEPHANIE       )
REESE, in her individual capacity;   )
JODY BARLOW, in her individual       )
capacity; and C. E. JENKINS, in      )
her individual capacity,             )
                                     )
            Defendants.              )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge

      Plaintiff Derekh A. Rogers ("Mr. Rogers"), proceeding *pro se*,

brought this action pursuant to 42 U.S.C. § 1983 (2012), alleging

various constitutional and statutory violations related to an

August 2013 arrest and subsequent state court prosecution.

Defendants moved to dismiss the Complaint pursuant to Rules

12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure.

(ECF No. 8.)   For the reasons stated below, the Court grants

Defendants' Motion to Dismiss.

**I.    BACKGROUND**

      Mr. Rogers names five Defendants in his Complaint:  (1) North

Carolina Superior Court Judge Vance Bradford Long ("Judge Long");

(2) North Carolina Magistrate C. E. Jenkins ("Magistrate Jenkins"); (3) Guilford County District Attorney Doug Henderson ("D.A. Henderson"); (4) Assistant District Attorney Stephanie Reese ("A.D.A. Reese"); and (5) Assistant District Attorney Jody Barlow ("A.D.A. Barlow"). (ECF No. 2 at 2-3.) The Complaint states that each Defendant is being sued in his or her individual and official capacities. (*Id.* ¶¶ 1, 5(b)-(f).) Further, Mr. Rogers seeks monetary damages in the amount of $128,000 against each Defendant for a total of $640,000. (*Id.*)

The Complaint alleges, among other things, the following conduct on the part of Defendants: (1) On August 23, 2013, "Plaintiff was unlawfully grabbed and detained by agents acting under the color of law, without jurisdiction or a wet inked signed warrant by an Art III Section 2 Judge;" (2) "[t]he unwarranted orders of defendants who sent agents to arrest plaintiff, due to plaintiffs [sic] religious (Islam) persuasion, and false complaint by an alleged party living in Miami[,] Florida, claiming to have loss [sic] property in the jurisdiction of Guilford County;" (3) "[n]o probable cause hearing was held;" (4) excessive bail was set by Defendant Magistrate Jenkins due to his religion; and (5) Defendants failed to honor Plaintiff's discovery requests. (ECF No. 2 ¶¶ 3.1-3.2, 3.6, 3.8.) Mr. Rogers asserts "violations of Oath of Office, U.S. Constitution Art VI Section 2 [sic], Title 42 USC Section 1983 and Plaintiffs 1st Amendment rights." (*Id.* ¶ 1.)

In addition, Mr. Rogers alleges violations of 18 U.S.C. §§ 241 and 242, due process, unspecified "civil rights," and gross negligence as well as a conspiracy with intent to violate the First, Sixth, and Fourteenth Amendments. (*Id.* ¶¶ 1(b), 3.11, 5(a).)

## II. ANALYSIS

Defendants argue that this action should be dismissed for lack of personal jurisdiction due to insufficient service of process and further argue that immunity bars Mr. Rogers' claims against them in their individual as well as official capacities.[1]

## A. Personal Jurisdiction

Defendants first contend that this Court lacks personal jurisdiction over them pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure because Mr. Rogers' service of process was insufficient. (*See* ECF No. 9 at 3-4.) Specifically, they assert that Mr. Rogers' "attempted service . . . by certified mail addressed to them at their offices" does not comply with Rule 4(j)(4) of the North Carolina Rules of Civil Procedure, which

---

[1] Defendants also contend that the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), based upon what has become known as the *Younger* doctrine. Under the *Younger* doctrine, federal courts must abstain from exercising jurisdiction when "(1) there is an ongoing state [criminal] judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). However, the Court need not consider abstention in this case in light of its determination that all claims must be dismissed against Defendants.

3

"requires that service be made upon an officer of the State by delivery of process to that officer's designated agent or, absent designation of an agent, delivery of process to the Attorney General of North Carolina." (ECF No. 9 at 3 (citing N.C. Gen. Stat. § 1A-1 (2015); N.C. R. Civ. P. 4(j)(4)).) Defendants have not challenged the sufficiency of Mr. Rogers' service of process in their individual capacities and, therefore, any such objection is waived.[2] Accordingly, the Court addresses only the sufficiency of Mr. Rogers' service of process on Defendants in their official capacities.

The Federal Rules of Civil Procedure do not provide an explicit method for service on state officers sued in their official capacities. *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988). However, Federal Rule 4(j)(2) does provide that service of process can be achieved on a state or

---

[2] Defendants generally challenge the sufficiency of service of process in their Motion to Dismiss without specifying capacity. (*See* ECF No. 8.) However, their supporting Memorandum of Law addresses the sufficiency of service of process in their official capacities only, constituting waiver of any challenge to the sufficiency of service of process in their individual capacities. *See Belk, Inc. v. Meyer Corp.*, *U.S.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012) ("This issue is waived because [the plaintiff] fails to develop this argument to any extent in its brief."); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Irrespective of waiver, the Court believes that service of process was sufficient to confer jurisdiction over Defendants in their individual capacities. (*See* ECF. Nos. 12-16.)

4

state-created organization by serving its chief executive officer or in accordance with state law. Fed. R. Civ. P. 4(j)(2). Under North Carolina Rule 4(j)(4), service on a state officer can be perfected only by delivery of process to either the officer's designated agent or the Attorney General of North Carolina. N.C. R. Civ. P. 4(j)(4).

Service on Judge Long and Magistrate Jenkins in their official capacities is improper under North Carolina law, as service through certified mail, return receipt requested, is insufficient service on a state officer under North Carolina Rule 4(j)(4). Similarly, in person service on D.A. Henderson is insufficient pursuant to North Carolina Rule 4(j)(4) to effect service on D.A. Henderson, A.D.A. Reese, and A.D.A. Barlow in their official capacities. It is less clear, however, whether Defendants have been properly served in their official capacities under federal law.

Although Rule 4 of the Federal Rules of Civil Procedure is silent on the manner of service of process on a state officer in his or her official capacity, Defendants maintain that Mr. Rogers' attempted service on them was insufficient because "it was not personal delivery to the chief executive officer" under Federal Rule 4(j)(2). (*See* ECF No. 9 at 3.) Although Federal Rule 4(j)(2) refers to state or state-created organizations and not state officers, Defendants' position has support from a number of courts. *See, e.g.*, *Libertarian Party v. Dardenne*, No. 08-582-JJB, 2009 WL

790149, at *5 (M.D. La. Mar. 24, 2009); *see also Mack v. Fox*, No. 1:07CV760, 2008 WL 4832995, at *3 (M.D.N.C. Nov. 4, 2008), *recommendation adopted*, 2008 WL 7674789 (M.D.N.C. Dec. 10, 2008). However, other courts have held that the rules governing service on an individual under Federal Rule 4(e) also apply to service on a state officer in his or her official capacity. *See Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003); *Echevarria-Gonzalez*, 849 F.2d at 30; *Gueli v. United States,* No. 806CV1080T27MSS, 2006 WL 3219272, at *4 (M.D. Fla. Nov. 6, 2006). Federal Rule of Civil Procedure 4(e) provides that service can be achieved on an individual by serving that individual in person, by serving the individual's authorized agent, or in accordance with state law. Fed. R. Civ. P. 4(e).

The Court need not resolve whether Mr. Rogers' service of process was sufficient to establish personal jurisdiction over Defendants in their official capacities because Mr. Rogers' claims must be dismissed pursuant to Rule 12(b)(6). *See Adams v. Shipman*, No. 1:13CV858, 2014 WL 4924299, at *3 (M.D.N.C. Sept. 30, 2014) (not dismissing for insufficiency of process because the plaintiff's claims were subject to dismissal for failure to state a claim). Moreover, although a plaintiff's failure to perfect service is grounds for dismissal, "courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at

6

*1 (M.D.N.C. Feb. 14, 2013).  This is particularly true where, as in this case, the defendants have actual notice of the lawsuit commenced against them, and the plaintiff has made a good faith effort to properly serve the defendants.  *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction."); *Adams*, 2014 WL 4924299, at *3 (not dismissing for insufficiency of process partly because the plaintiff took affirmative steps to effectuate service).  Allowing time to cure any service defects would be futile because, as explained below, Mr. Rogers' claims must be dismissed for failure to state a claim.  *See Adams*, 2014 WL 4924299, at *3 ("[G]ranting an extension of time to effectuate service would be futile[] because . . . Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6).").  The Court will next address Defendants' motion to dismiss pursuant to Rule 12(b)(6).

## B.  Motion to Dismiss Based on Immunity

Defendants argue that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Rogers' official capacity claims require dismissal because these claims are barred by the Eleventh Amendment.  In addition, Defendants argue that judicial immunity bars Mr. Rogers' individual capacity claims against Judge Long and Magistrate Jenkins and prosecutorial immunity bars his

7

individual capacity claims against D.A. Henderson, A.D.A. Reese, and A.D.A. Barlow.  The Court agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although a plaintiff need only plead a short and plain statement of the claim establishing that he or she is entitled to relief, *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must contain "sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged."  *Harris v. SunTrust Mortg., Inc.*, No. 12-cv-378, 2013 WL 1120846, at *2 (M.D.N.C. Mar. 18, 2013) (citing *Twombly*, 550 U.S. at 555).

### 1.  Official Capacity Claims

Mr. Rogers seeks monetary damages totaling $640,000 against Defendants in their official capacities.  However, it is well established that official capacity claims are in essence claims against the state.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  As the Eleventh Amendment bars a plaintiff from recovering monetary damages against the state, it similarly bars such claims against a state official sued in his or her official

8

capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hutto v.
S.C. Retirement Sys*., 773 F.3d 536, 549 (4th Cir. 2014) ("State
officials sued in their official capacities for retrospective
money damages have the same sovereign immunity accorded to the
State."). Thus, the Eleventh Amendment bars Mr. Rogers' claims
against each Defendant in his or her official capacity.

### 2. Individual Capacity Claims

#### a. Judicial Immunity

Judicial immunity bars claims against judges in their
individual capacity for actions that are "judicial acts." *Everson
v. Doughton*, No. 1:08CV887, 2009 WL 903316, at *1 (M.D.N.C. Apr.
2, 2009), *recommendation adopted*, (M.D.N.C. July 15, 2009), *aff'd
per curiam*, 366 F. App'x. 461 (4th Cir. 2010). To determine
whether judicial immunity applies, courts employ a two part test.
First, to be immune, a judge cannot have acted in the "clear
absence of all jurisdiction." *King v. Myers*, 973 F.2d 354, 357
(4th Cir. 1992) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357
(1978)). In making this determination, "the scope of the judge's
jurisdiction must be construed broadly." *Stump*, 435 U.S. at 356.
Second, the action must be a "judicial act." *King*, 973 F.2d at
357. This determination rests on two factors: "whether the
function is one normally performed by a judge, and whether the
parties dealt with the judge in his or her judicial capacity."
*Id.* Even when judges have committed grave procedural errors or

9

acted maliciously or corruptly, the Supreme Court has explained that they are entitled to absolute immunity if such actions occurred within their judicial jurisdiction. *See Stump*, 435 U.S. at 355–56, 359 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

In this case, Judge Long enjoys absolute immunity. The Complaint does not allege specific acts attributable to Judge Long. In his briefing, however, Mr. Rogers asserts that Judge Long "acted out of his district and without jurisdiction in his statements made dated June 9th 2014 [and] failed to comply with North Carolina G.S. 15A-910 in refusing to provide Plaintiffs [sic] with discovery within 21 days of said written request."[3] (ECF No. 11 at 15.) Defendants point out that Judge Long "is the duly elected senior resident superior court judge for North Carolina's Judicial District 19B, which encompasses Randolph and Montgomery counties." (ECF No. 9 at 2.) Judge Long's jurisdiction is not limited to those counties because superior court judges rotate to various districts within their divisions. N.C. Const. art. IV § 11. Judicial District 19B is in the Fifth Division, which includes Guilford County. *See* N.C. Gen. Stat. § 7A-41(a). Mr. Rogers does not suggest that Judge Long's assignment to his case occurred outside the course of routine assignments required by the North

---

[3] The Court notes that June 9, 2014, is after the date Mr. Rogers filed this action, which was June 5, 2014.

Carolina Constitution. Moreover, the Complaint provides no facts which could be construed to indicate that Judge Long performed a function other than one normally performed by a superior court judge or that Mr. Rogers dealt with Judge Long outside of his capacity as a judge. Although Mr. Rogers does argue that Judge Long failed to order discovery or failed to exercise his contempt powers in sanctioning the prosecutors for not providing him with discovery, judges routinely address discovery-related disputes, and North Carolina General Statutes § 15A-910 appears to give the judge wide latitude in solving such disputes. For these reasons, this Court concludes that judicial immunity bars Mr. Rogers' claims against Judge Long.

With respect to Magistrate Jenkins, Mr. Rogers contends that Magistrate Jenkins acted outside the scope of her office by setting an excessive bail based on his religion in violation of his due process rights, First Amendment Rights, and Fourth Amendment rights. (ECF No. 2 ¶¶ 3.6, 5(f).) "As judicial officers, [state] magistrates are entitled to absolute immunity for acts performed in their judicial capacity." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). This absolute immunity applies to a magistrate setting bail. *El-Bey v. City of Thomasville*, No. 1:11CV413, 2012 WL 1077896, at *4 (M.D.N.C. Mar. 30, 2012), *recommendation adopted*, 2013 WL 5461819 (M.D.N.C. Sept. 30, 2013); *see King*, 973 F.2d at 356 ("Magistrates are judicial officers . . .

11

entitled to absolute immunity under the same conditions as are judges."). As in the case with Judge Long, Mr. Rogers has failed to plead any facts that would preclude Magistrate Jenkins from enjoying absolute immunity. Even if the bail set by Magistrate Jenkins was found to be excessive, Mr. Rogers' claims would still be barred by judicial immunity.

### b.  Prosecutorial Immunity

A prosecutor has absolute immunity under § 1983 for acts intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Such immunity applies not only to district attorneys but also to assistant district attorneys. *See, e.g.*, *Puckett v. Carter*, 454 F. Supp. 2d 448, 451-52 (M.D.N.C. 2006) (applying absolute prosecutorial immunity to district attorney and assistant district attorney). When a prosecutor is not performing the role of advocate, such as when he or she undertakes the investigative function normally performed by a detective or police officer, then he or she is entitled to qualified immunity. *See Buckley*, 509 U.S. at 273-76. Qualified immunity protects prosecutors from liability for civil damages "when the state of

12

the law is such that they would not have known that their conduct violates statutory or constitutional rights." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 395 (4th Cir. 2014).

Here, it is difficult to determine what specific conduct Mr. Rogers alleges as it relates to these Defendants. The Complaint is replete with conclusory and formulaic recitations of conspiracy theories and violations of statutes and constitutional provisions. Mr. Rogers fails to allege specific conduct supporting his claims. Moreover, Mr. Rogers has failed to plead any facts that would suggest that D.A. Henderson, A.D.A. Reese, or A.D.A. Barlow are not entitled to the protection of prosecutorial immunity in their individual capacities. The Complaint does refer to an alleged crime related to "loss" of property in Guilford County, North Carolina, (ECF No. 2 ¶ 3.2), and it would appear that prosecuting such crimes falls squarely within the jurisdiction of the Guilford County District Attorney and Assistant District Attorneys. Thus, based on the facts presented, the Court concludes that Mr. Rogers' claims are barred against these Defendants in their individual capacities based on prosecutorial immunity.[4]

For the reasons outlined above, the Court enters the

---

[4] Mr. Rogers also alleges a § 1983 claim against A.D.A. Reese and A.D.A. Barlow for violations of 18 U.S.C. §§ 241 and 242. However, these are criminal statues and do not provide a civil remedy. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–42 (the criminal analogue of 42 U.S.C. § 1983) . . . .").

13

following:

<strong>ORDER</strong>

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 8) is GRANTED and that this case is DISMISSED WITH PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 11th day of May, 2015.

                                    /s/ Loretta C. Biggs
                                    United States District Judge

14